UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONYA BROWN, JOHN ELSTAD, ALBERT GOEKEN,
ELIZABETH HOMAN, AND JEFFERY SAMPERE,

PLAINTIFFS,

V.

CERBERUS CAPITAL MANAGEMENT, L.P.,
CERBERUS COVIS LLC, COVIS HOLDINGS, L.P.,
COVIS MANAGEMENT INVESTORS LLC, COVIS US
HOLDINGS, LLC, COVIS MANAGEMENT INVESTORS
US LLC, COVIS PHARMACEUTICALS, INC.,
ALEXANDER BENJAMIN, MICHAEL KELLY, AND
ETHAN KLEMPERER,

DEFENDANTS.

15 CIV. 9022 (GBD)

*ECF CASE*

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO UNSEAL THE COMPLAINT**

Plaintiffs Tonya Brown, John Elstad, Albert Goeken, Elizabeth Homan, and Jeffery Sampere ("Plaintiffs") respectfully move this Court for an order to unseal the Complaint.

## BACKGROUND

On November 17, 2015, Plaintiffs filed the Complaint along with an *ex parte* motion for permission to file the Complaint under seal ("*Ex Parte* Motion").

Plaintiffs sought leave to file the Complaint under seal in an abundance of caution. Plaintiffs are former employees of Defendants. During the course of their employment and subsequent terminations, Plaintiffs entered into various, broad confidentiality agreements with Defendants. For example, Plaintiff Goeken's severance agreement prohibited him from disclosing any confidential information, which included,

> any financial information relating to Covis and its business, including without limitation, information relating to the capital structure, operating results, borrowing arrangements, contemplated transactions, merger targets, acquisition targets, strategic plans, marketing and sales plans and business plans, business processes, techniques, data and know-how and systems . . . and/or any other information about the past, present, or future business affairs of Covis, its parents, subsidiaries, and affiliates.

Because of the breadth of these provisions, Plaintiffs sought leave to file the Complaint under seal to ensure compliance and to afford Defendants the opportunity to protect any of their purportedly confidential information.

The Honorable Victor Marrero, United States District Judge for the Southern District of New York, granted Plaintiffs' motion on November 17, 2015 ("Judge Marrero's Order"). A copy of Judge Marrero's Order is attached hereto as Exhibit A. On November 18, 2015, Plaintiffs furnished Defendants with copies of the Complaint, the *Ex*

*Parte* Motion, and Judge Marrero's Order. Thereafter, Defendants accepted service of the summonses and Complaint effective November 25, 2015.

In light of the longstanding public policy in favor of open access to judicial records, Plaintiffs now move to unseal the Complaint.

## ARGUMENT

"To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *Application of Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367, 2009 U.S. Dist. LEXIS 31739, at *11-12 (S.D.N.Y. Apr. 15, 2009). This test is as follows:

> First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document" – *i.e.*, an "item . . . relevant to the performance of the judicial function and useful in the judicial process." Second, if the court determines that the item to be sealed is a "judicial document," the court must then determine the weight of the presumption of access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."

2

*Id.* (quoting *Lugosch*, 435 F.3d at 119); *see also Doscher v. Sobel & Co., LLC*, 14 CV

646 (RMB), 2014 U.S. Dist. LEXIS 29063, \*9 (S.D.N.Y. Mar. 3, 2014).

As to the first consideration, the document filed under seal is the Complaint. A

complaint is undoubtedly a judicial document that "relevant to the performance of the

judicial function and useful in the judicial process[.]" *United States v. Amodeo*, 44 F.3d

141, 145 (2d Cir. 1995). As such, it is presumptively accessible to the public. *See, e.g.,*

*Doscher*, 2014 U.S. Dist. LEXIS 29063, \*9.

Regarding the second, the Complaint and the information alleged therein are

necessary for the adjudication of this matter. *See Lugosch*, 435 F.3d at 121 ("where

documents are used to determine litigants' substantive legal rights, a strong presumption

of access attaches").

Finally, Plaintiffs are not aware of any "countervailing factors" that would defeat

the strong presumption of public access to the Complaint. The transaction at the heart of

the Complaint was announced publicly on March 9, 2015. Thus, Plaintiffs do not believe

that the disclosure of any of the information in the Complaint would either breach

Plaintiffs' confidentiality obligations or otherwise have a deleterious effect on

Defendants' business.

Accordingly, Plaintiffs submit that each of the three considerations favor

unsealing the Complaint in this matter.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court unseal the

Complaint.


Dated: November 30, 2015                    _____/s/ Joshua L. Seifert_____
      New York, New York            By:    Joshua L. Seifert
                                    Joshua L. Seifert PLLC
                                    40 Worth Street, 10th Floor
                                    New York, NY 10013
                                    Telephone:    646-527-7366
                                    Email:         jseifert@seifertpllc.com
                                    *Attorney of Plaintiffs Tonya Brown, John*
                                      *Elstad, Albert Goeken, Elizabeth Homan,*
                                      *and Jeffery Sampere*

Exhibit A

JUDGE DANIELS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TONYA BROWN, JOHN ELSTAD, ALBERT
GOEKEN, ELIZABETH HOMAN, AND JEFFERY
SAMPERE,

          PLAINTIFFS,

v.

CERBERUS CAPITAL MANAGEMENT, L.P.,
CERBERUS COVIS LLC, COVIS HOLDINGS,
L.P., COVIS MANAGEMENT INVESTORS
LLC, COVIS US HOLDINGS, LLC, COVIS
MANAGEMENT INVESTORS US LLC, COVIS
PHARMACEUTICALS, INC., ALEXANDER
BENJAMIN, MICHAEL KELLY, AND ETHAN
KLEMPERER,

          DEFENDANTS.

**SEALED**

**15 CV 9022**

___ CIV. ___

*ECF CASE*

**ORDER**
**GRANTING PLAINTIFF'S**
**MOTION FOR PERMISSION**
**TO FILE COMPLAINT UNDER SEAL**

Upon Plaintiffs' motion for an order permitting them to file the Complaint under seal and the Complaint itself,

ORDERED that Plaintiffs' *Ex Parte* Motion for leave to file the Complaint under seal be GRANTED on an interim basis on an interim basis, pending the entry by the Court of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT JUDGE

Dated: November 17, 2015
     New York, New York